UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EVOLUS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-09986-PGG |

**JOINT STIPULATION AND ORDER
TO STAY DERIVATIVE ACTION**

Plaintiffs Jairo Lizarau ("Plaintiff Lizarau") and Hyunsook Yu ("Plaintiff Yu" and, together with Plaintiff Lizarau, the "Plaintiffs"), Nominal Defendant Evolus, Inc. ("Evolus" or the "Company"), and Defendants David Moatazedi, Rui Avelar, Lauren P. Silvernail, Vikram Malik, Simone Blank, Peter C. Farrell, David Gill, Bosun Hau, Robert Hayman, Karah Parschauer, and Kristine Romine (collectively, the "Individual Defendants" and together with Evolus, the "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), through their undersigned counsel, hereby stipulate and agree, as follows:

**RECITALS**

**WHEREAS**, on November 27, 2020, Plaintiff Lizarau filed a shareholder derivative action on behalf of Evolus in this Court alleging breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants, captioned *Lizarau v. Moatazedi, et al.*, Case No. 1:20-cv-09986-PGG (the "*Lizarau* Action");

**WHEREAS**, on December 2, 2020, Plaintiff Yu filed a shareholder derivative action alleging substantially similar facts and making claims for breach of fiduciary duty, waste of corporate assets, and contribution under Sections 10(b) and 21D of the Exchange Act against defendants David Moatazedi, Vikram Malik, Simone Blank, Peter C. Farrell, David Gill, Robert

Hayman, Karah Parschauer, Lauren P. Silvernail, and Rui Avelar in this Court, captioned *Yu v. Moatazedi, et al.*, Case No. 1:20-cv-10118;

**WHEREAS**, on December 29, 2020, the parties to the *Lizarau* and *Yu* Actions filed a Joint Stipulation and [Proposed] Order Consolidating Related Shareholder Derivative Actions and Establishing a Leadership Structure in which, *inter alia*, Defendants accepted service of the complaints filed in the *Lizarau* and *Yu* Actions;

**WHEREAS**, on February 5, 2021, the Court consolidated the *Lizarau* and *Yu* Actions into the above-captioned derivative case (the "Derivative Action");

**WHEREAS**, an earlier-filed and related consolidated securities class action involving related claims and defenses, including alleged violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, is pending in this Court, captioned *In re Evolus Inc. Securities Litigation*, Case No. 1:20-cv-08647 (S.D.N.Y.) (the "Securities Class Action");

**WHEREAS**, the defendants in the Securities Class Action anticipate filing a motion to dismiss the complaint;

**WHEREAS**, counsel for the Parties in the Derivative Action have conferred regarding the status of this litigation and how it may proceed;

**WHEREAS**, based upon the overlapping parties and factual allegations in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, that all proceedings and deadlines in the Derivative Action should be temporarily stayed, pending resolution of the anticipated motion to dismiss filed in the Securities Class Action;

**WHEREFORE,** the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Except as noted below, all proceedings, including any motion practice, obligation to respond to the complaints in the Derivative Action and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, in the Derivative Action shall be temporarily stayed until the resolution of the anticipated motion to dismiss in the Securities Class Action.

2. Defendants shall promptly notify Plaintiffs should they become aware of any related derivative lawsuits ("Related Derivative Actions").

3. Defendants shall promptly notify Plaintiffs if a court or the parties decline to stay a Related Derivative Action for a similar or longer duration than the stay of the Derivative Action.

4. If a court or the parties decline to stay a Related Derivative Action for the same or longer duration than the stay of the Derivative Action, each of the Parties has the option to terminate the stay by giving twenty-one (21) days' notice to the undersigned counsel for the other Parties via email.

5. Defendants shall promptly provide advance notice of and request to include Plaintiffs in any mediation with the plaintiff(s) in the Securities Class Action, any purported plaintiff in any Related Derivative Actions, or any purported shareholder in any Threatened, Related Derivative Actions; in the event that such request is not granted, Defendants shall mediate with Plaintiffs at or about the same time.

6. If Defendants were to produce any documents in response to a books and records demand on the Company, Defendants shall promptly produce to Plaintiffs copies of any such documents—subject to the execution of an appropriate confidentiality agreement or protective

order and any additional conditions to the document production to which the shareholder making the demand agrees or that a court may impose on that shareholder—provided that Plaintiffs may rely on those documents to amend their complaint in the Derivative Action as permitted by paragraph 7 below if and once the shareholder that made the books and records demand files a derivative complaint.

7. Notwithstanding this stay, Plaintiffs may file an amended complaint, although Defendants shall be under no obligation to respond to the amended complaint except as set forth in the Court's order on the parties' proposed schedule described in paragraph 8 below.

8. Within twenty-one (21) days of the date that the stay is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action.

9. All hearings or conferences currently scheduled in the Derivative Action shall be postponed until the date and time that will be specified in the Court's ruling on the proposed scheduling order to be submitted by the Parties after the stipulated stay of proceedings is lifted.

10. The parties reserve, and this stipulation does not prejudice, any and all of their respective rights, claims, and defenses, including as to venue and to seek or oppose a further stay.

**IT IS SO STIPULATED.**

                                              Respectfully submitted,

March 8, 2021                       **THE BROWN LAW FIRM, P.C.**

                                          Timothy Brown
                                          Saadia Hashmi
                                          240 Townsend Square
                                          Oyster Bay, New York 11771
                                          Telephone: (516) 922-5427
                                          Facsimile: (516) 344-6204

Email: tbrown@thebrownlawfirm.net<br>
Email: shashmi@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

March 8, 2021  **GAINEY McKENNA & EGLESTON**

/s/ Thomas J. McKenna

Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Co-Lead Counsel for Plaintiffs*

March 8, 2021  **O'MELVENY & MYERS LLP**

Jonathan Rosenberg
B. Andrew Bednark
7 Times Square
New York, New York 10036
Telephone: (212) 408-2409
Facsimile: (212) 326-2061
Email: jrosenberg@omm.com
Email: abednark@omm.com

*Counsel for Nominal Defendant Evolus Inc. and Individual Defendants*

**IT IS SO ORDERED** this  20th  day of September, 2021.

UNITED STATES DISTRICT JUDGE
PAUL G. GARDEPHE

5